IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| B&B PROSPECTOR PROPERTIES, LLC a Utah limited liability company,<br><br>              Plaintiff,<br><br>v.<br><br>VEGA INTERNATIONAL INC dba CELLUVATION, a Utah corporation; and JOS DANIEL, an individual,<br><br>              Defendants. | MEMORANDUM AND DECISION AND ORDER REMANDING CASE<br><br><br>Case No. 2:22-CV-286 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court for *sua sponte* consideration of its jurisdiction. For the reasons discussed below, the Court finds that it lacks jurisdiction and this matter must be remanded to state court.

I.  BACKGROUND

      Plaintiff filed this action on August 13, 2020, in state court asserting a cause of action for breach of contract. Defendant Jos Daniel purported to remove the action to this Court on April 26, 2022, asserting federal question as the basis for jurisdiction. Though less than clear, Plaintiff appears to be attempting to assert counterclaims under the United States Constitution and those counterclaims are what he uses to invoke this Court's jurisdiction.

1

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[1] The court has "an independent obligation to address [its] own subject-matter jurisdiction and can dismiss actions *sua sponte* for lack of subject-matter jurisdiction."[2]

A civil action brought in state court may be removed when "the district courts of the United States have original jurisdiction."[3] Under 28 U.S.C. § 1331, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[4] "Removal statutes are to be strictly construed and all doubts are to be resolved against removal."[5] "[T]he parties removing [the] case to federal court . . . bear the burden of establishing jurisdiction by a preponderance of the evidence."[6]

When seeking to remove a case to federal court on the basis of a federal question, "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[7] Absent circumstances not present here,

---

[1] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (internal quotation marks omitted).

[2] *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

[3] 28 U.S.C. § 1441(a).

[4] *Id.* § 1331.

[5] *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

[6] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[7] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks omitted).

"a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."[8] When the federal court lacks subject-matter jurisdiction over a removed case, the court must remand the case to the state court.[9]

Here, it is clear that a federal question is not presented on the face of Plaintiff's complaint. Plaintiff asserts a single cause of action under Utah law for breach of contract. Defendant purports to remove this action based on the federal claims contained in what is best described as a counterclaim. However, as stated, a case may not be removed to federal court based solely on a counterclaim. "Removal was therefore improper,"[10] and this case must be returned to state court.

### III.  CONCLUSION

It is therefore

ORDERED that this action be remanded to the Third Judicial District Court, Summit County, State of Utah.

DATED this 11th day of May, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[8] *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (internal citation omitted).

[9] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[10] *Topeka Hous. Auth.*, 404 F.3d at 1248.